Mr. Spencer B. Gilbert City Attorney City of Port St. Lucie City Hall Plaza Corner of Airoso and Port St. Lucie Blvds. Port St. Lucie, Florida 33452 Attention: Mr. Roger G. Orr Assistant City Attorney
Dear Mr. Gilbert:
This is in response to your request for an opinion asking the following question:
 MAY A MUNICIPALITY, PURSUANT TO AN ADOPTED MINIMUM BUILDING CODE, REQUIRE THAT REGISTERED AND CERTIFIED CONTRACTORS POST A BOND AS A PREREQUISITE TO OBTAINING A BUILDING PERMIT?
You state in your inquiry that the City of Port St. Lucie has adopted the Standard Building Code in compliance with the provisions of s 553.73, F.S., and that s 106.2 of the Standard Building Code imposes on every contractor or builder a duty to give good and sufficient bond conditioned on his compliance with applicable regulations, the building code itself, and other applicable ordinances or laws. You further note that this office has in the past construed certain statutory provisions as prohibiting the imposition of such a bond requirement as a prerequisite to the issuance of a building permit or occupational license. Thus, to the extent that the Standard Building Code is among five specified codes, one of which a local governing body must adopt pursuant to s 553.73, and to the extent that such code requires a contractor or builder to post a bond, you suggest a conflict between s 553.73 and the statutory provisions previously construed by this office to prohibit such a bond requirement.
In AGO 70-48, this office reviewed certain provisions of Part II, Ch. 468, F.S. 1969, and concluded that a municipality cannot require the posting of a performance bond as a prerequisite to the issuance of a permit and occupational license to a certified or registered contractor. That conclusion was supported primarily by the plain language of ss 468.106(6) and 468.113(5), F.S. 1969. Section 468.106(6) provided as follows:
 When a certificate holder desires to engage in contracting in any area of the state, as a prerequisite therefor, he shall only be required to exhibit to the local building official, tax collector, or other person in charge of the issuance of licenses and building permits in the area, evidence of holding a current certificate accompanied by the fee for the occupational license and building permit required of other persons. (e.s.)
Section 468.113(5) provided as follows:
 Any official authorized to issue building or other related permits shall ascertain that the applicant contractor is duly registered in the area where the construction is to take place or certified before issuing the permit. The evidence shall consist only of the exhibition to him of current evidence of certification or registration. (e.s.)
Subsequently, the Legislature enacted Ch. 74-67, Laws of Florida, as amended by Ch. 77-365, Laws of Florida, and codified at s553.73, F.S., providing in pertinent part that "[e]ach local government . . . shall adopt one of the State Minimum Building Codes as its building code." The Standard Building Code, 1976 edition, which contains the above-mentioned provision requiring the posting of a bond by the contractor, is among five codes specified in s553.73 as the State Minimum Building Codes.
In 1979, the Legislature repealed Part II, Ch. 468, relating to the Licensing of Construction Industry, while reenacting most, but not all, of its provisions. See, Ch. 79-200, Laws of Florida. As presently codified, s 489.113(4), F.S., is substantially identical to s 468.106(6), F.S. 1969:
 When a certificateholder desires to engage in contracting in any area of the state, as a prerequisite therefor, he shall be required only to exhibit to the local building official, tax collector, or other person in charge of the issuance of licenses and building permits in the area, evidence of holding a current certificate and to pay the fee for the occupational license and building permit required of other persons. (e.s.)
Cf., Ch. 85-290, Laws of Florida, authorizing denial of permit issuance where a local construction regulation board determines that a certified contractor has been guilty of fraud or a willful building code violation, effective October 1, 1985.
Accordingly, as to holders of a state certificate, I am of the view that the conclusion of AGO 70-48 remains a correct statement of the law and that a municipality, pursuant to an adopted minimum building code, may not require that certified contractors post a bond as a prerequisite to obtaining a building permit. See, s489.115(4), F.S., requiring applicants for a certificate to submit evidence of public liability and property damage insurance in such amounts as may be determined by rule of the Construction Industry Licensing Board and to furnish further evidence of financial responsibility as a prerequisite to the issuance of such certificate. See also, Ch. 21E-15, F.A.C., setting forth present requirements of the board as to matters of insurance and financial responsibility.
In addition, it would appear that the provisions of that section as reenacted in 1979 would take precedence over the provisions of s 553.73, F.S., to the extent of any actual conflict, as the latest expression of the legislative will. See, State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965); AGO 84-41. Moreover, this office has concluded that a municipality is not necessarily bound by all the provisions of the minimum building code adopted pursuant to s 553.73 but is authorized in the exercise of home rule powers to amend by ordinance provisions of adopted building codes provided that such amendment does not make code provisions relating to building construction requirements or standards less stringent than provided for by the State Minimum Building Codes.
See, AGO 79-21 (city could amend by ordinance provisions of building code relating to appointment, tenure in office, and removal from office of building official).
However, as to contractors who are merely registered with the state and are not certificate holders, a different conclusion is reached. It does not appear that those provisions of s 468.113(5), F.S. 1969, which were essential to the relevant conclusion in AGO 70-48 have been preserved by the Legislature in the course of its repeal by Ch. 79-200, Laws of Florida. My examination of Part I of Ch. 489, F.S., fails to reveal any provision which requires a local government building official or tax collector to issue a building permit or occupational license upon presentation of evidence only of registration, as distinguished from certification. Compare, s 489.113(4), F.S., with s 489.131(5), F.S. Section 489.131(5) appears to be the provision most closely related to s 468.113(5), F.S. 1969, but it is significant that in requiring officials issuing building or other related permits to ascertain that the applicant contractor is certified or is registered, s 489.131(5) omits the qualification of the former provision that "[t]he evidence shall consist only of the exhibition . . . of current evidence of certification or registration." (e.s.) Moreover, this office has noted that the distinction between certified and registered contractors with respect to local regulation existed even prior to the repeal of Ch. 468. See, AGO 73-399, concluding that since Ch. 468, F.S. 1973, did not require a state investigation of financial responsibility as to registered contractors, a city could require evidence of liability insurance and the posting of a performance bond prior to issuance of a regulatory license or local board certificate of competency. See also, AGO 74-112 (county may require a state registered contractor [as distinguished from a contractor holding a certificate of competency from the state board] to comply with county's local examination and licensing requirements as a condition precedent to engaging in the business of contracting in the county); cf., AGO 79-112, noting the distinction while construing provisions of Ch. 79-200, Laws of Florida.
Thus, under the existing statutory scheme, I am of the view that a municipality, pursuant to an adopted minimum building code, may require that registered contractors post a bond as a prerequisite to obtaining a building permit. See generally, s 489.117(1) and (2), F.S., providing in pertinent part that an applicant may be initially registered merely by submitting the required fee and filing evidence of successful compliance with local examination and licensing requirements, if any, in the area for which registration is desired; and restricting a registered contractor to work only in such local areas and only with respect to the type of work covered by the registration. In view of the absence of any state investigation of financial responsibility of registered contractors and in light of the repeal of s 468.113(5), F.S., 1969, and the present provisions of Part I of Ch. 489, it would appear that a municipality has the authority to require evidence of financial responsibility from contractors who are registered with, but not certified by, the state, pursuant to provisions of its adopted building code.
In summary, then, and unless and until legislatively or judicially determined otherwise, I am of the opinion that a municipality, pursuant to an adopted minimum building code, may not require certified contractors to post a bond as a prerequisite to obtaining a building permit, but that such bond requirement may be imposed on contractors who are registered with, but not certified by, the state.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General